IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CRAIG SCHULTZ, | |
| Plaintiff, | No. 16-CV-2033-LRR |
| vs. | **ORDER** |
| SOUTHWEST CREDIT SYSTEMS, LP, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Plaintiff Craig Schultz's "Motion to Reconsider Order on Motion for Attorneys' Fees" ("Motion") (docket no. 65), which he filed on June 27, 2018. In the Motion, Schultz asks the court to reconsider its May 14, 2018 Order (docket no. 61) granting in part and denying in part his "Motion for Attorneys' Fees and Costs" ("Motion for Attorney Fees") (docket no. 57). *See* Brief in Support of Motion (docket no. 65-1) at 1; *see also* May 14, 2018 Order. Defendant Southwest Credit Systems, LP ("SWC") has not filed a response and the time for doing so has passed.

## *II. APPLICABLE LAW*

At the outset, the court notes that Schultz did not properly file the Motion. "[A]ggrieved parties . . . should not file motions labeled 'motion for reconsideration' in federal district court. The Federal Rules of Civil Procedure do not provide for such a motion." *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992) (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 170 (8th Cir. 1988)). Rather, "the motion should be properly designated under the rule authorizing the motion." *Id.* (quoting *Sanders*, 862 F.2d at 170). In light of Schultz's passing reference to Rule 59, the court shall construe the Motion as a motion to amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e). *See* Brief in Support of Motion at 1; *see also Schoffstall v. Henderson*,

223 F.3d 818, 827 (8th Cir. 2000) (noting that "when the motion [to reconsider] is made in response to a final order . . . Rule 59(e) applies").

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). District courts have broad discretion in determining whether to grant a motion to reconsider. *See Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co.*, 69 F.3d 868, 871 (8th Cir. 1995) (noting that the standard for reviewing a district court's denial of a Rule 59(e) motion is abuse of discretion).

## III. ANALYSIS

In the May 14, 2018 Order, the court awarded Schultz attorney fees, but reduced the requested award by 15% due to inefficiency and duplication of services, evidenced by the use of multiple attorneys, and by 20% because the hours expended were excessive in light of the simplicity of the case and counsels' extensive experience with Federal Debt Collection Practices Act ("FDCPA") cases. *See* May 14, 2018 Order at 9-11. The court further reduced the award by 25% to account for Schultz's limited success in the action. *Id.* at 11-12. In the Motion, Schultz challenges only the 25% reduction. *See* Brief in Support of Motion at 1. Schultz contends that the reduction is contrary to the Iowa Debt Collection Practices Act ("IDCPA"), pursuant to which the court awarded attorney fees in the amount of $6,679.60. In support, Schultz relies on Iowa Code § 537.5201(8), which states,

> In an action in which it is found that a person has violated [the IDCPA], the court shall award to the consumer the costs of the action and to the consumer's attorneys their reasonable fees.

2

> Reasonable attorney's fees shall be determined by the value of the time reasonably expended by the attorney and not by the amount of the recovery on behalf of the consumer.

Schultz asserts that the court's fee "reduction for the limited success of the action," Brief in Support of Motion at 1, is contrary to the requirement that "[r]easonable attorney's fees shall [not] be determined . . . by the amount of the recovery on behalf of the consumer." Iowa Code § 537.5201(8). Schultz asserts that the court "noted that [Schultz] had limited success because he recovered only the statutory minimum of $100 in damages." Brief in Support of Motion at 1.

Schultz's argument both misunderstands and misconstrues the court's May 14, 2018 Order. The court did not reduce Schultz's attorney fee award because Schultz received only the statutory minimum of $100 in damages. *See* October 13, 2017 Order (docket no. 55) at 28-29 (awarding the statutory minimum of $100 in damages). Rather, the court reduced the attorney fee award to account for Schultz's limited success on a claim that was based on a single *de minimis* violation. *See* May 14, 2018 Order at 11-12. Specifically, SWC's unlawful conduct consisted of a single sentence in a communication that Schultz himself requested. *See* May 14, 2018 Order at 12. The court found the case distinguishable "from a prototypical case 'wherein a debt collector is constantly hounding a consumer with demands for payment after being told to stop.'" *Id*. (quoting October 13, 2017 Order at 29). Further, the court noted that Schultz did not even attempt to establish that he had been harmed by SWC's conduct. *See id*. at 11-12; *see also* October 13, 2017 Order at 28. In every sense, Schultz's "success" was limited. Therefore, although the court reduced the attorney fee award for many of the same reasons that it awarded Schultz the statutory minimum amount of damages, it is clear that the reduction was not based on the amount of damages.

Additionally, in the Motion for Attorney Fees Schultz expressly requested that the court examine similar cases in which significant attorney fees were awarded despite the

plaintiff's relatively low amount of damages. *See* Motion for Attorney Fees at 13-14; *see also Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13-cv-560-GMN-CWH, 2016 WL 5791544, at *5 (D. Nev. Sept. 30, 2016) (awarding $83,437.50 in attorney fees where the plaintiffs' received $15,750.00 in a settlement); *Cuevas v. Check Resolution Servs.*, No. 12-cv-90081 KJM KJN, 2013 WL 2190172, at *13 (E.D. Cal. May 20, 2013) (awarding $4,706.00 in attorney fees where the plaintiff was awarded $150.00 in damages under the FDCPA and $100.00 in damages under the related state statute); *Dowling v. Kucker Kraus & Bruh, LLP*, No. 99CIV11958RCC, 2005 WL 1337442, at *9 (S.D.N.Y. June 6, 2005) (awarding $19,000.00 in attorney fees where the plaintiffs were awarded $1,100.00 in statutory damages); *Armstrong v. Rose Law Firm, P.A.*, No. CIV 00-2287MJD/SRN, 2002 WL 31050583, at *5 (D. Minn. Sept. 5, 2002) (finding that "[p]laintiff's attorneys' fees and costs are reasonably proportional" where the plaintiff was awarded $1,000 in statutory damages, but over $40,000 in fees and costs). The court is aware that attorney fee awards in cases brought pursuant to the IDCPA and the FDCPA may often be significantly greater than the amount of damages awarded. *See* May 14, 2018 Order at 5 (noting that Congress has encouraged private enforcement of FDCPA cases by providing for attorney fees). In this case, Schultz was awarded attorney fees in an amount 66.8 times greater than the damages he was awarded. This discrepancy is significantly more stark than in those cases cited by Schultz. *See Roadhouse*, 2016 WL 5791544 at *5 (awarding attorney fees in amount 5.3 times greater than the damages award); *Cuevas*, 2013 WL 2190172 at *13 (awarding attorney fees in amount 18.8 times greater than the damages award); *Dowling*, 2005 WL 1337442 at *9 (awarding attorney fees in amount 17.3 times greater than the damages award); *Armstrong*, 2002 WL 31050583 at *5 (awarding attorney fees and costs in amount 40 times greater than the damages award). Given the significant disparity between the attorney fees that the court awarded Schultz and the amount of damages he

received, it is apparent that the court did not impermissibly reduce the attorney fee award to make it proportional to the damages awarded.

Finally, the court notes that Schultz provides no case law to support his argument that a reduction of the fee award based on the plaintiff's limited degree of success violates the IDCPA. As stated above, the court concluded that Schultz's attorney fee should be reduced due to the limited success of his action and in light of the *de minimis* nature of SWC's single violation. *See* May 14, 2018 Order at 11-12. Thus, Schultz's contention that the court committed a manifest error of law is patently without merit.

### *IV. CONCLUSION*

In light of the foregoing, the Motion is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 12th day of July, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA